## DAN PETTIGREW v. STATE.

No. A-8127. Nov. 14, 1931.
(4 Pac. [2d] 1077.)

J. W. Bolen and King & Crawford, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Pontotoc county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of four years.

Defendant is charged with having killed one Julian Wolfe on the 21st day of July, 1929. Both defendant and deceased were Indians, and this killing occurred at a "Pashofa" at the home of one Yakatubby, in Pontotoc county. The evidence of the state by three eyewitnesses

was that at about 4 o'clock in the morning, defendant shot and killed the deceased without any provocation.

Defendant testified that he shot the deceased in self-defense; that at the time he fired the shot deceased was making an attack upon him with a club about three feet long and about three inches thick, and that deceased struck him at least six times before he fired the shot that killed deceased.

Defendant called Johnson Petish as a witness in his behalf, who testified that he was near where the killing occurred, but did not know exactly how it occurred, and did not see any club or gun in the hand of deceased.

Defendant makes the usual contention that this evidence is insufficient to support the verdict of the jury.

There is a conflict in the evidence, which was for the jury. They saw the witnesses and heard them testify, and settled this conflict in favor of the state. The verdict of the jury is supported by the evidence.

Defendant next contends that the court erred in giving instruction No. 2-A, on reasonable doubt.

The instruction complained of is in the exact language used in Brantley v. State, 15 Okla. Cr. 6, 175 Pac. 51. In commenting on this instruction, on page 24 of the Oklahoma report (175 Pac. 51, 56), it is said: "While the general rule often stated by this court is that trial courts should not give definitions of 'reasonable doubt,' except upon the request of the defendant, we are of the opinion that the instruction here given did not constitute material error."

Such setting out and approval of the instruction in the Brantley Case was in effect an invitation to trial judges of the state to use this instruction.

While it is the better practice not to define the term "reasonable doubt," no better instruction defining the term than that approved in the Brantley Case could be found or given by the trial judges of this state, and the giving of the same was not reversible error.

Defendant next contends that the trial court erred in giving instruction No. 8, on the subject of self-defense.

Instruction No. 10, given in the case of Brantley v. State, supra, and copied in the opinion on page 14 of said report, is verbatim the same as this instruction, with the exception of the use of the name of the deceased in that case—the name of the deceased in this case being omitted from the instruction—but the law stated is exactly the same. That instruction was specifically approved by this court where the issue was self-defense and the facts presented a question of whether or not the force employed to repel an attack as testified to by the defendant in this case was more than reasonably appeared to him to be necessary.

A careful examination of the record reveals no reversible error. The cause is therefore affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.